MARTHA O. PEMBERTON

*v.*

CHARLES KLEIN.

On August 25th, 1884, L., a resident of Pennsylvania, made an assignment there for the benefit of his creditors, including therein certain lands in New Jersey, and the assignment was recorded here on October 14th, 1884. Afterwards the assignee sold, and complainant bought, these lands at public auction in the city of Philadelphia. On August 23d, 1884, L. gave defendant, also a resident of Pennsylvania, a mortgage on these lands merely to secure the return of certain stocks which he had loaned L. to secure his bail in case of his arrest, which seemed imminent, and this mortgage was recorded the same day as the assignment, October 14th, 1884. On bill to quiet title—*Held,*

(1) That the validity of the mortgage could be assailed in this way.

(2) That the assignment, as recorded here, was *not void because* unaccompanied by an official certificate that the assignee had given bond according to the Pennsylvania statute.

(3) That the assignee's sale of these lands, outside of the boundaries of this state, was valid.

(4) That the defendant, who is now prosecuting a suit in Philadelphia for the return of his above-mentioned stocks, cannot, as against the assignee and

Pemberton v. Klein.

his grantee (the complainant), claim a superior equity on the ground that he gave a good consideration for his mortgage and that the assignee gave none.

*Mr. George T. Ingham,* for complainant.

*Mr. M. B. Taylor,* for defendant.

Bird, V. C.

The bill in this cause is filed to quiet title to real estate under the statute; it sets forth the purchase of the land from an assignee who took an assignment from a debtor, residing in Pennsylvania, for the benefit of his creditors. The purchaser is in possession. The defendant is the holder of a mortgage on the same premises, which he claims is entitled to priority over the assignment and all sales and proceedings thereof. This mortgage was executed in Philadelphia on August 23d, 1884. The

Note.—An assignment for the benefit of creditors will pass the title to the assignor's lands in another state, if his creditors in the latter state are not prejudiced thereby, *Heyer* v. *Alexander, 108 Ill. 385; Gregg* v. *Sloan, 76 Va. 497; Chaffee* v. *New York Bank, 71 Me. 514; Sortwell* v. *Jewett, 9 Ohio 180; Thurston* v. *Rosenfeld, 42 Mo. 474; First National Bank* v. *Hughes, 10 Mo. App. 7* [criticised in *Zuppan* v. *Bauer, 17 Mo. App. 683*]; *Green* v. *Green, 12 Neb. 117;* see *Wharton's Conflict of Laws § 275; Hutcheson* v. *Peshine, 1 C. E. Gr. 167; Blauvelt* v. *Ackerman, 5 C. E. Gr. 141; Osborn* v. *Adams, 18 Pick. 245; Rogers* v. *Allen, 3 Ohio 488; Richardson* v. *Rogers, 45 Mich. 591; Danner* v. *Brewer, 69 Ala. 191; Gardner* v. *Com. Bank, 95 Ill. 298; Bethell* v. *Bethell, 54 Ind. 428; Moore* v. *Church, 70 Iowa 208; Moseby* v. *Burrow, 52 Tex. 396; Day* v. *Postal Tel. Co., 66 Md. 354;* and its validity at the domicil is not affected by its insufficiency to pass the title to foreign lands, *Watkins* v. *Wallace, 19 Mich. 57.*

A bankrupt assignment has been held not to embrace foreign lands, *Selkrig* v. *Davies, 2 Dow 230; Wharton's Conflict of Laws §§ 274, 391, 843; Oakley* v. *Bennett, 11 How. 33; Barnett* v. *Pool, 23 Tex. 517; Gibbs* v. *Logan, 22 W. Va. 208.*

An assignment covering lands in several counties should be recorded in every one, *Switzer* v. *Miller, 58 Ind. 561.*

An assignment covering lands in Mississippi only, made in Louisiana, may be attacked in the latter state for fraud, *McDowell* v. *Read, 3 La. Ann. 391;* see *Edwards* v. *Ballard, 14 La. Ann. 362; Guerrant* v. *Fowler, 1 Hen. & Munf. 5; Farley* v. *Shippen, Wythe 135.*

Lands of a decedent lying in Pennsylvania cannot be sold by a court in

assignment for the benefit of creditors was executed August 25th, 1884, and was recorded September 8th, 1884, in Atlantic county, in this state, and on account of some defect in the acknowledgment was again acknowledged and again recorded, in Atlantic county October 13th, 1884. The mortgage of the defendant was not recorded until the same day—October 13th, 1884.

Without discussing all the details presented by counsel suffice it to say—

First. That the defendant insists that the complainant has no title whatever, and that if she had she has no title to any relief under the statute (*Rev. p. 1188*) which provides for the determination of claims to real estate in certain cases, and to quiet the title to the same.

It is insisted that if the complainant conceived that the defendant's mortgage was illegal or fraudulent as to her she should have attacked the mortgage directly, asking a decree of the

Maryland, where decedent lived, on a bill for partition or sale thereof and also of lands in Maryland, *White* v. *White, 7 Gill & Johns. 208.*

A deed of trust for the benefit of creditors, including a tract of land lying in Virginia and West Virginia, was made to a non-resident trustee—*Held,* that the court of Virginia, where the debtor resided, could appoint a commissioner to sell the whole tract, *Barger* v. *Buckland, 28 Gratt. 850.*

An attachment was issued in New York, by a New York creditor, against the property of a bridge company incorporated by Pennsylvania and New Jersey, and the real estate of the company located in Pennsylvania was attached thereunder, and after the recovery of a judgment in the attachment, sold by the sheriff of New York county, at public auction, at the Merchants Exchange in the city of New York.—*Held,* that the sale was invalid, and could be assailed and avoided by receivers appointed by Pennsylvania, whose appointment had been confirmed by statute in New Jersey, *Runk* v. *St. John, 29 Barb. 585.*

An assignee for the benefit of creditors, it has been held, may sell at private sale, after having shown his inability to sell at public auction as required by statute, *Mather* v. *Priestman, 9 Sim. 352; Dresbach* v. *Stein, 41 Ohio St. 70;* see *Simmons* v. *Wood, 45 How. Pr. 268; Jaffray* v. *McGehee, 107 U. S. 361; Raleigh* v. *Griffith, 37 Ark. 150; Talley* v. *Starke, 6 Gratt. 339;* and so may an administrator, unless otherwise ordered, *Hand* v. *Motter, 73 Mo. 457; Jackson* v. *Irwin, 10 Wend. 441; Cruikshank* v. *Luttrell, 67 Ala. 318;* or an assignee in bankruptcy, *Ryder* v. *Rush, 102 Ill. 338;* or a commissioner to sell an infant's lands, *Cooper* v. *Hepburn, 15 Gratt. 551;* see *Hess* v. *Roder, 26 Gratt. 746; Latrobe* v. *Herbert, 3 Md. Ch. 375; Ellet* v. *Paxson, 2 Watts & Serg. 418.*

Pemberton *v.* Klein.

court that it be canceled of record. This point has been re-solved in favor of the complainant by the cases of *Raymond* v. *Post, 10 C. E: Gr. 447,* and of *Powell* v. *Mayo, 11 C. E. Gr. 120.* From the language of the statute and from the explicit declarations of the chancellor I should conclude that, whether the object to be overcome by the bill be a single one or whether the objects be many, or whether there be one or many defendants, relief may be sought in this form of proceeding by the complainant.

Again, it is insisted that the complainant has no title because the assignment for the benefit of creditors was made in a foreign jurisdiction. This point, also, must be determined against the defendant. It has not been made to appear that in any particular is the assignment which was made in Pennsylvania hostile, or in any sense antagonistic, to our law respecting the same matter. The only defect suggested by the defendant in the proceeding, clothing the assignee with complete authority to make disposition

---

Under a creditor's bill in New York, a receiver was appointed, and the debtor also made an assignment to him for the benefit of his creditors. *Held,* that he could foreclose a mortgage on lands in Michigan there, which had been assigned to him among the other assets, *Graydon* v. *Church, 7 Mich. 36; S. C., 4 Mich. 646.* See *Iglehart* v. *Bierce, 36 Ill. 133.*

An assignment in New York, by a debtor residing there, of lands in Michigan was made to secure certain specified New York debtors. It was held not to be an assignment for the benefit of creditors, but to be valid against an attachment levied thereon by a Michigan creditor before it had been recorded in Michigan, *Palmer* v. *Mason, 42 Mich. 146.*

The court of the county in which the debtor resides and makes his assign-ment may order and confirm the assignee's sale and conveyance of his lands in another county, *Lawson* v. *DeBolt, 78 Ind. 563.* See *Page* v. *McKee, 3 Bush 138.*

While a court may order a party to convey lands in another state, it cannot transfer the title through a commissioner appointed by itself, *McLawrin* v. *Salmons, 11 B. Mon. 97.* See *Glen* v. *Gibson, 9 Barb. 634.*

A court of chancery in one county may, on the ground of jurisdiction for another reason than locality, sell lands in another county, *Britain* v. *Cowen, 5 Humph. 315; Dunn* v. *McMillen, 1 Bibb 409; Webb* v. *Wright, 2 Bush 126;* see *Cheever* v. *Rutland R. R. Co., 39 Vt. 653; Morris* v. *Pennington, 1 Pars. Eq. 387.*

And so, if partition be sought of lands lying in several counties, including that wherein the application is made, *Todd* v. *Cannon, 8 Humph. 512; Win-chester* v. *Winchester, 1 Head 460.* See *Ridgell* v. *Bertha, 2 Hill's Ch. 365.*

Pemberton v. Klein.

of lands in New Jersey, is the fact that in recording the assignment in this state it was not accompanied by the certificate of the surrogate or other proper officer that the assignee had given bond according to the statute. I think this is not a fatal omission, if any. As I understand, the discussion conceded that security was given in the state of Pennsylvania, and that the creditors to be benefited by the assignment reside within that jurisdiction. No right is claimed by virtue of the statute by any citizen of New Jersey, as a creditor or otherwise, in hostility to the proceedings of the assignee; nor is any claim made to the assets of the debtor for the purpose of administering them in this state under any form of law whatever; they are to be administered and distributed in Pennsylvania, so far as appears from the record. The defendant being a non-resident, and claiming no part of the assets at the hands of the assignee, I think he is barred from raising the objection now before us by reason and

A mortgage given in England on foreign lands may be enforced in England, *Toller* v. *Carteret, 2 Vern. 494; Ex parte Pollard, 1 Mont. & Ch. 239.* See *Reed* v. *Reed, 75 Me. 264; 2 Jones on Mort. ₹ 1444;* but not a foreign mortgage on foreign lands, *Norris* v. *Chambres, 29 Beav. 246; In re Hawthorne, L. R. (23 Ch Div.) 743.* See *Harris* v. *Saunders, 4 B. & C. 411.*

Where the lands covered by a mortgage lie in several counties, the court of any one of those counties may order its foreclosure, *Holmes* v. *Taylor, 48 Ind. 169;* see *Bell* v. *Walsh, 130 Mass. 163; Berthold* v. *Holman, 12 Minn. 335; Reid's Case, 2 Sneed 375; Heyman* v. *Babcock, 30 Cal. 367.*

How far the rights of other creditors of the mortgagor in the lands in the other county are affected if the mortgage be registered in only one county, see *King* v. *Portis, 77 N. C. 25, 81 N. C. 382; Reichert* v. *McCline, 23 Ill. 516.*

How such sale must be advertised when the lands lie in several counties, *Wells* v. *Wells, 47 Barb. 416; Thornburg* v. *Jones, 36 Mo. 514;* or in two townships, *Sumner* v. *Lyon, 7 Conn. 281.*

Under the foreclosure of a railroad mortgage on lands lying in three states, the same person was appointed receiver by the courts of each state.—*Held,* that the proceeding in each state was independent of the other, *Taylor* v. *Atlantic & G. W. R. R. Co., 55 How. Pr. 286, 57 Id. 9;* see *Cooper* v. *Dismal Swamp Canal Co., 2 Murph. 195; Ellis* v. *Boston R. R. Co., 107 Mass. 1; Wilmer* v. *Atlantic R. R. Co., 2 Woods 418; Bank* v. *McLeod, 38 Ohio St. 174;* if in several counties of one state, see *Gilbert* v. *Washington City R. R. Co., 33 Gratt. 586; State* v. *Jacksonville R. R. Co., 15 Fla. 201; Brasher* v. *Williams, 10 Ala. 630.*

The laws governing mortgages of lands in New York will control a mort-

Pemberton *v.* Klein.

by the well considered cases of *Bentley* v. *Whittemore, 4 C. E. Gr. 462*, and *Moore* v. *Bonnell, 2 Vr. 90.*

Nor can the objection that the assignee made sale of the lands in question in a public auction-room in the city of Philadelphia be counted sufficient as a defence to this bill of complaint. If the owner of real estate, being non-resident, may effect a valid transfer of his title to lands in this state, and if he may effectually convey them to an assignee for the benefit of his creditors, it is not unreasonable or inconsistent that an assignee may make sale of such real estate outside of the boundaries of the state of New Jersey. There are no conceivable injuries to the rights or interests of any one in his so doing. Indeed, it would seem to be quite unbusinesslike to deprive any one of the advantages which may be derived from a foreign market, when nothing is better known than that the best prices are obtained for real estate in the leading cities of New York or Philadelphia. I am

gage given on land in that state but afterwards transferred to Connecticut by an alteration of the boundary line between the states, *Chappell* v. *Jardine, 51 Conn. 64;* see *Brown* v. *Desmond, 100 Mass. 267;* and where the county lines are thus changed, see *Ulshafer* v. *Stewart, 71 Pa. St. 170; Beebe* v. *Fridley, 16 Minn. 518; Lindsay* v. *McCormack, 2 A. K. Marsh. 229; Harlan's Estate, 24 Cal. 182; Hanby* v. *Tucker, 23 Ga. 132; Stephenson* v. *Doe, 8 Blackf. 508; Pound* v. *Pullen, 3 Yerg. 333; Kent* v. *Roberts, 2 Story C. C. 591; Bugbee* v. *Yates, 2 Cow. 471; West's Appeal, 5 Watts 87;* or district lines, *Clapp* v. *Beardsley, 1 Vt. 151.*

A master residing in Brooklyn cannot sell under an order directing a master residing in New York to do so, *Yates* v. *Woodruff, 4 Edw. Ch. 700.* See *Bank* v. *Trapier, 2 Hill's Ch. 25.*

A charter authorizing a corporation to hold mortgages provided that foreclosure sales thereof should be held in the county where the lands were located.— *Held,* that a decree describing the property as situated in Orleans county and directing a sale there (whereas in fact it was in Monroe county), could not be impeached collaterally, *Fuller* v. *Van Geesen, 4 Hill 171; How. App. Cas. 249;* see *Harrison* v. *Annapolis R. R. Co., 50 Md. 490; Hubbard* v. *Barnes, 29 Iowa 239.*

If the defendant in execution owns a farm lying in two counties, the sheriff of one of those counties wherein the judgment is recorded can only sell so much of the farm as lies in his own county, *Finley* v. *South Carolina R. R. Co., 2 Rich. 567;* see *Lorick* v. *Lowrance, 20 S. C. 424; Conrad* v. *Darden, 4 Yerg. 307; Hicks* v. *Ellis, 65 Mo. 176; Elliott* v. *McGowan, 22 Pa. St. 198; Hibberd* v. *Bovier, 1 Grant's Cas. 266.*

Pemberton *v.* Klein.

constrained to think this view will commend itself to the judgment of every considerate business man, and that it is not in conflict with any opinion or well settled rule of law.

But besides, the court being desirous of protecting the rights of all in such a case, it may be relied upon that if any mischief is wrought the numerous watchful creditors will see to it that the proceedings of an assignee which are at all hostile to their interests will be speedily brought to the attention of the court, and all errors corrected. The courts are open to them; they never are willing to allow property to be sacrificed. The presumption is that the assignee in such a case did his duty, and this presumption is enforced by the fact that no creditor of all those who are interested raised an objection to the sale.

If, however, this objection should be pressed, I am not prepared to conclude that the defendant, who is not only a nonresident, but who holds what he has under and from the same

The orphans court of one county cannot assign dower in lands in another county, *Crabtree* v. *Crabtree, 5 Ark. 638;* nor order such lands to be sold to pay debts, *Ludlow* v. *McBride, 3 Ohio 240.*

The legislature may, by special act, transfer the administration of an estate from the county in which the decedent was domiciled to a county where his lands lie, if such lands must be sold to pay his debts, *Learned* v. *Matthews, 40 Miss. 210.*

An administrator has no power, by virtue of an order of a court of his intestate's domicil, to sell lands in another state for the payment of the intestate's debts, *Nowler* v. *Coit, 1 Ohio 236; Brown* v. *Edson, 23 Vt. 435;* but the title of an heir, who is also the administrator that executes such decree, is passed thereby, *Salmond* v. *Price, 13 Ohio 308;* and the title may be validated by long acquiescence, *Blake* v. *Davis, 20 Ohio 231.*

Executors with power to sell lands cannot convey lands in another state without first conforming to the laws of such state, *Lucas* v. *Tucker, 17 Ind. 41.*

They need not obtain probate license to sell, *Tracy* v. *Murray, 49 Mich. 35; Huger* v. *Huger, 9 Rich. Eq. 217;* see *Wilson* v. *Staats, 6 Stew. Eq. 524;* but if they refuse to sell, and go into court for directions, and the court orders a sale, they must conform thereto, *Terry* v. *Coles, 80 Va. 695.*

Guardians, it seems, may sell the lands of their wards wherever situated, *McClelland* v. *McClelland, 7 Baxt. 210; Hickman* v. *Dudley, 2 Lea 375;* see *Wooldridge* v. *Jacob, 79 Ky. 250; Van Gieson* v. *Banta, 13 Stew. Eq. 20, note; Powers* v. *Mortee, 4 Am. Law Reg. 427.*

A sheriff cannot, except by statute, sell lands in any other county than his own, *Dinkgrave* v. *Sloan, 13 La. Ann. 393; Kinter* v. *Jenks, 43 Pa. St. 445;*

grantor from whom the complainant claims, can be heard at all upon this objection, and especially in the light of the above-named cases.

But to proceed. Klein claims a superior equity in that he gave a good consideration for his mortgage, and urges that the assignee gave none. This assertion has nothing to rest upon. In the most beneficial light for the defendant, he took his mortgage, not in payment of a pre-existing debt, but as collateral security for the return of certain stocks which he had intrusted to Lardner, the assignor ; whereas, the assignee took the title for the sole and exclusive purpose of paying all the existing debts of the assignor. This was a pledge for the payment to the extent of the assets, and this pledge the court will always enforce. *Alpaugh* v. *Roberson, 12 C. E. Gr. 96; Scull* v. *Reeves, 2 Gr. Ch. 84; S. C., Id. 131; Read* v. *Robinson, 6 Watts & Serg. 329; Seal* v. *Duffy, 4 Pa. St. 274.*

Therefore, in any light it may be contemplated, the complainant is upon a more favorable footing than the defendant.

---

*Chiles* v. *Hoy, 6 Mon. 46; Woodward* v. *Hill, 3 McCord 241; People* v. *Lott, 21 Barb. 130; Colville* v. *Neal, 2 Swan 89; Adams* v. *Smallwood, 8 Jones 258; Hamilton* v. *Quimby, 46 Ill. 90; Street* v. *McClerkin, 77 Ala. 580; Cape Suble Co.'s Case, 3 Bland 661.*

Real estate is usually sold on execution at the court-house of the county wherein it lies, *Freeman on Ex. § 289; Herman on Ex. § 200; Rorer on Jud Sales § 83; Longworthy* v. *Featherston, 65 Ga. 165; Bush* v. *White, 85 Mo. 339; Cargile* v. *Ragan, 65 Ala. 287; Mayers* v. *Carter, 87 N. C. 146; Kane* v. *McCown, 55 Mo. 181;* see *Phillips* v. *Brown, 74 Me. 549; Haines* v. *Taylor, 3 How. Pr. 205; Sowers* v. *Vie, 14 Pa. St. 99; Elizabethtown Sav. Inst.* v. *Gerber, 7 Stew. Eq. 130, note ; Cowgill* v. *Cahoon, 3 Harring. 23; Freer* v. *Tupper, 21 S. C. 75; Bouldin* v. *Ewart, 63 Mo. 330; Gregory* v. *Clarke, 75 Ill. 485; Nesbitt* v. *Dallam, 7 Gill & Johns. 494, 511;* and this rule as to place controls a sale by the marshal under a judgment in the United States court, *Jenners* v. *Doe, 9 Ind. 461; Thacher* v. *Devol, 50 Ind. 30; Sinclair* v. *Stanley, 64 Tex. 67;* see *Keene* v. *Barnes, 29 Mo. 377; Baker* v. *Underwood, 63 Mo. 384.*

A sheriff may conduct his sale on lands ceded by the state to the United States, *Sauer* v. *Steinbauer, 14 Wis. 70.*

A marshal may sell at one sale lands of defendant lying in his own district, and distinct tracts lying in another, *Lyman* v. *Lyman, 2 Paine 11.*

What is a sufficient designation of the place of sale, see *Hornby* v. *Cramer, 12 How. Pr. 490; Wilson* v. *Buckman, 71 Me. 545; Goss* v. *Cardell, 53 Vt. 447; Lewis* v. *Avery, 8 Vt. 289, 10 Vt. 332; Austin* v. *Soule, 36 Vt. 645.*—Rep.

But in truth and justice, is not the complainant on decidedly the more favorable ground? It is in evidence that the stock above referred to of the defendant Klein, which Lardner gave the mortgage to secure the return of, was deposited in a bank in the city of Philadelphia, and that Klein is now prosecuting an action at law for its recovery. As the testimony stands, the title to this stock is in him, and he must recover. If he should prevail in that suit, his claim to any right whatever under this mortgage vanishes absolutely. But independently of the last consideration, it may well be questioned whether any court could say that this mortgage has any validity at all. Lardner swears that it was given for the sole purpose of securing bail for himself in case of his arrest, and his statements are not at all inconsistent with those of the counsel who drew the mortgage and who was advising both Lardner and Klein at the time as to the better course for them to pursue. The counsel distinctly says that he, being such counsel for both, suggested to Lardner that as he might expect trouble of a most serious nature, it would be well to provide therefor by conveying his property to those on whom he could rely when the storm came.

Now, whilst as between Klein and Lardner this court might not be willing to help either, it certainly will not allow the claim of the defendant to be interposed, and the rights of a stranger, who has at least an equal equity, to be overcome by such a transaction.

In my judgment, the complainant is entitled to a decree according to the prayer of her bill, with costs.